**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Ronald Lee, et al.,

                Plaintiffs,

vs.

Safeco Insurance Company of America,

                Defendant.

No.  CV-22-00527-PHX-SPL

**ORDER**

Before the Court is Plaintiffs' Motion to Remand (Doc. 7). For the following reasons, the Court will grant the Motion and remand to state court.

## I.    BACKGROUND

Plaintiffs Ronald and Tamara Lee had a homeowners insurance policy with Defendant Safeco Insurance Company of America. (Doc. 11 at 1). On February 23, 2022, Plaintiffs filed suit against Defendant in Gila County Superior Court alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (*Id.* at 1–2). This action arose from a denied insurance claim related to water damage to Plaintiffs' property. (*Id.*). Plaintiffs seek roughly $50,000 in property damages, plus alternative living expenses, attorneys' fees, and unspecified amounts for bad faith and punitive damages. (Doc. 1–3 at 7; Doc. 7 at 2–3).

On April 1, 2022, Defendant removed this action pursuant to 28 U.S.C. § 1446, claiming diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 1, 3). Plaintiffs now

move to remand this action to the Arizona Superior Court for lack of subject matter jurisdiction. (Doc. 7 at 1).

## II.     **LEGAL STANDARD**

Federal courts may exercise removal jurisdiction over a case only if subject-matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116–17 (9th Cir. 2004). The removing party bears the burden of establishing subject-matter jurisdiction as a basis for removal by a preponderance of the evidence. *Id.* at 1117; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). There is a "strong presumption against removal jurisdiction," and such jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted).

Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the case is between citizens of different states. *See* 28 U.S.C. § 1332(a). In a situation where the amount in controversy is unclear from the face of a state-court complaint, "[t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount" by providing "evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). The amount in controversy is "the amount at stake in the underlying litigation," including compensatory damages, punitive damages, and attorneys' fees awards under fee-shifting statutes, but excluding interests and costs. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A court may look outside the face of the complaint to determine the amount in controversy when it is not stated with specificity in the complaint. *Valdez*, 372 F.3d at 1117. This means that courts may consider allegations made in the notice of removal as well as "summary-judgment-type evidence." *Id.* (internal

1   quotation marks omitted).

2   **III.   <u>DISCUSSION</u>**

3            The parties do not dispute that diversity exists, so only issue is whether the amount-

4   in-controversy requirement of 28 U.S.C. § 1332(a) is met. Plaintiffs argue that this case

5   must be remanded to the Gila County Superior Court because the amount in controversy is

6   not expected to exceed $75,000. (Doc. 7 at 2). Specifically, Plaintiffs argue that the amount

7   at issue includes approximately $50,000 in property damages, plus "unspecified amounts

8   for bad faith and punitive damages." (*Id.*). In response, Defendant offers four pieces of

9   evidence to demonstrate that Plaintiffs' claims exceed the jurisdictional amount: (1) at

10  minimum, Plaintiffs' contract damages are $51,615.38 due to Plaintiffs' alternative living

11  expenses; (2) other courts in this District have declined to remand similar cases;

12  (3) Plaintiffs designated this case as "Tier 2" pursuant to Ariz. R. Civ. P. 26.2 upon filing

13  in state court; and (4) Plaintiffs' attorneys' fees, added to the other requested relief, will

14  result in an award that exceeds $75,000. (*Id*. at 5–9).

15           **A. Minimum Contract Damages**

16           This Court finds Defendant's first piece of evidence—regarding Plaintiffs'

17  alternative living expenses—to carry little weight. Defendant estimates Plaintiffs'

18  alternative living expenses, as calculated according to the Additional Living Expense

19  coverage of their insurance policy, will be at least $1,615.38. (*Id.* at 5). Defendant argues

20  that because Plaintiffs' Motion does not dispute Defendant's calculation, Plaintiffs concede

21  that their contract damages are, at a minimum, $51,615.38. (*Id.*). This calculation is some

22  evidence of the amount of contract damages at issue, insofar as it shows the amount in

23  controversy may be at least $51,615.38. This amount, however, still fails to meet the

24  $75,000 threshold.

25           **B. Similar Cases**

26           Defendant argues that courts in this District have found the amount in controversy

27  requirement was met in similar cases. (Doc. 11 at 6). This Court finds that Defendant has

28  failed to show evidence or point to any analogous cases suggesting the amount in

controversy meets the jurisdictional requirement.

Upon review, the Court finds Defendant's citations to *Haller v. Auto-Owners Ins. Co.*, No. CV-20-01606-PHX-GMS, 2021 WL 3732763 (D. Ariz. Aug. 24, 2021), and *Treon v. Aetna Life Ins. Co.*, No. CV-20-00529-PHX-JJT, 2020 WL 2537484 (D. Ariz. May 19, 2020), to be unpersuasive. In *Haller,* the plaintiffs had not demanded a dollar amount in their complaint, sought a contracts award that could be in excess of $64,000, asserted a tort of bad faith claim, and initially demanded more than $75,000 in mediation. *Haller*, 2021 WL 3732763, at *3. Distinguishably, in the case at hand, Plaintiffs' Complaint seeks approximately $50,000 in contract damages, an estimated $1,615.38 in additional living expenses, and an unspecified amount of damages pursuant to their tort of bad faith claim. (Doc. 1-3 at 7). Although the dollar amount for the bad faith claim is unknown, Defendants offer no evidence to support a finding that an award for this claim would push the amount in controversy over the threshold. *See Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012); *see also Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money"). Additionally, unlike *Haller*, there is no evidence Plaintiffs have sought $75,000 in related proceedings. *Haller*, 2021 WL 3732763, at *3.

In *Treon*, after examining other disability and workman's compensation insurance cases, the court found "an award of tort damages at least twice the amount of contract damages is a reasonable estimate for determining the amount in controversy in an insurance bad faith case." *Id.* at *3. Here, however, the matter is a property damage insurance claim rather than a disability insurance claim, and as a result, the cases are not analogous. *See Anderson v. Liberty Mut. Ins. Co.*, No. CV-20-00612-PHX-JJT, 2020 WL 4814261, at *2 (D. Ariz. Aug. 18, 2020) (finding insurance bad faith claims for personal injury and property damage cases were not reliable evidence for the amount in controversy in a case involving uninsured motorist insurance); *see also Walsh v. Safeco Ins. Co. of Am.*, No. CV-

21-01956-PHX-SPL, 2021 WL 5936933, at *3 (D. Ariz. Dec. 16, 2021) (finding the defendant failed to show sufficient factual similarities to verdicts in other cases for those verdicts to be considered persuasive evidence). To that end, this Court finds that neither of the cases Defendant cites to provide persuasive evidence that this case's value more likely than not exceeds $75,000.

### C. State Court Filings

This Court further finds Plaintiffs' state court filings fail to show that the amount in controversy likely exceeds $75,000. Plaintiffs' Complaint states that "[t]he Lees' damages exceed the Arizona Superior Court's jurisdictional minimum and likely qualify this action for assignment in Tier 2 as the damage to the structure, upon information and belief, is approximately $50,000." (Doc. 1-3 at 2). Arizona Rule of Civil Procedure 26.2 provides that the "Tier 2" designation applies to actions claiming more than $50,000 and less than $300,000 in damages. Similarly, Plaintiffs certified in state court that the case is not subject to compulsory arbitration. (Doc. 1-5 at 1). Arizona Rule of Civil Procedure 72(b) provides that cases filed in state court must be submitted to arbitration if the monetary damages sought fall below a jurisdictional threshold set by the court's local rules. In Gila County, this threshold is $25,000. 17C A.R.S. Super. Ct. Local Prac. Rules, Gila County, Rule 13. Defendant argues this Tier 2 designation is evidence that the amount in controversy exceeds the jurisdictional requirement. (Doc. 11 at 7).

Plaintiffs' filings "do nothing more than show Plaintiffs' claims are likely worth more than $50,000," which is still less than the $75,000 jurisdictional requirement for federal court. *Dobos v. Am. Strategic Ins. Corp*., No. CV-20-02094-PHX-JJT, 2021 WL 2708905, at *3 (D. Ariz. July 1, 2021). Indeed, because Plaintiffs seek contract damages of approximately $50,000 and do not expect to recover more than $75,000 (Doc. 7 at 2), filing this matter as a Tier 1 or Tier 3 case would be inappropriate. Ariz. R. Civ. P. 26.2(c)(3)(A)–(C). Thus, although Plaintiffs' valuation of the case at more than $50,000 "is some evidence of the amount in controversy," *Anderson*, 2020 WL 4814261, at *2, it does little to convince the Court that it is more likely than not that the amount in

controversy exceeds $75,000.

**D. Attorneys' Fees**

Finally, the Court finds that Defendant's estimation of the attorneys' fees in this case does not sufficiently show the amount in controversy exceeds $75,000. Attorneys' fees may be included in the amount in controversy calculation where an underlying statute authorizes such fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). In Arizona, a court is authorized to award attorneys' fees to the prevailing party in an action arising out of a contract under A.R.S. § 12–341.01(A). *Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHX-NVW, 2010 WL 94109, at *2 (D. Ariz. Jan. 6, 2010). This statute authorizes attorneys' fees for bad faith tort claims in insurance cases, as they arise out of a contract. *Id.*

First, Defendant argues that a reasonable estimation for attorneys' fees in this case is between $114,000 and $148,800. (Doc. 11 at 8). This estimation is based on nothing more than Defendant's opinion of how many hours of billable work will be expended litigating this case and the customary hourly rate for an Arizona attorney practicing insurance litigation. *See Carr v. Esurance Ins. Co.*, No. 09-0667-PHX-JAT, 2009 WL 2132699, at *4 (D. Ariz. July 16, 2009) (rejecting estimate "based on nothing more than the attorney's opinion"). "It is thus not clear that the fee amounts stated by the attorney will actually or likely be incurred by Plaintiff." *Id.* As Plaintiffs note in their Reply, if Defendant's projections of $114,000 to $148,800 in fees were a sound basis for removal, all breach of contract claims, regardless of how nominal the damages, could end up in federal court. (Doc. 12 at 5). As the evidence offered by Defendant fails to articulate specific reasons to support its claim beyond Defendant's attorneys' experience with similar cases and speculation, this Court finds Defendant's estimation to be of little probative value. *Campenelli v. Locomotive Eng'rs & Conductors Mut. Protective Ass'n*, No. CV 09-265-TUC-RCC, 2009 WL 10708718, at *2 (D. Ariz. Dec. 9, 2009) (rejecting defense counsel's estimate based on its experience with similar cases because it failed to articulate specific reasons to support its claim, rendering it "a compilation of conclusory

allegations").[1]

## IV.    CONCLUSION

Although Defendant has provided some evidence that Plaintiffs' damages, if their case is successful, may exceed $75,000, it has failed to meet its burden to demonstrate by a *preponderance* of the evidence that the case meets the jurisdictional threshold. The Court cannot conclude that it is more likely than not that the amount in controversy is greater than $75,000. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 7) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Gila County Superior Court and terminate this case.

Dated this 30th day of June, 2022.

Honorable Steven P. Logan
United States District Judge

---

[1] The Court further finds the speculative nature of the attorneys' fees is not resolved by the existence of a contingency fee agreement. Regardless, Defendant's calculation of potential fees based on the agreement fail to push the total damages over the $75,000 limit (Doc. 11 at 8–9).